IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PROMED AMBULANCE, INC.                                                  PLAINTIFF

v.                                          Civil No. 6:14-cv-06072

CITY OF MALVERN
LIFENET, INC.                                                          DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss.  ECF No. 11.  This Motion was filed on June 10, 2014.  *Id.*  On July 1, 2014, Plaintiff filed a response to this Motion to Dismiss.  ECF No. 20.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, the Court recommends this Motion (ECF No. 11) be **GRANTED.**

1.      **Background:**

On May 30, 2014, Plaintiff filed the present suit against Defendants.  ECF No. 1.  In its Complaint, Plaintiff alleges it provided "emergency and non-emergency ambulance services in Malvern" for over twenty-five years.  *Id.* ¶ 8.  Plaintiff alleges that, despite its history of providing this service to the City of Malvern, on December 31, 2013, the City of Malvern began soliciting proposals "for the provision of advanced life support ('ALS') emergency medical transport services and non-emergency transport services within the City of Malvern."  *Id.* ¶ 9.

In February of 2014, the City of Malvern indicated its intent that LifeNet, not Plaintiff, be awarded the contract for providing ambulance services for the City of Malvern.  *Id.* ¶ 16.  In March of 2014, LifeNet was awarded that contract.  *Id.* ¶ 22.  Plaintiff is now suing both the City of Malvern and LifeNet as Defendants in this action.

Plaintiff claims the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 "to resolve a federal question." ECF No. 1 ¶ 4. There are three federal statutes referenced in Plaintiff's Complaint: (1) the Anti-Kickback Statute ("AKS")[1], 42 U.S.C. § 1320a-7b; (2) the Federal False Claims Act, 31 U.S.C. § 3729; and (3) the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. *Id.* ¶¶ 4, 38, 46. Thus, the Court will only consider these three statutes in determining whether Plaintiff's case involves a federal question.[2]

The crux of Plaintiff's suit is the alleged AKS violation. Specifically, Plaintiff claims LifeNet's offer to provide ambulance services to the City of Malvern included an illegal "kickback." As Plaintiff stated in its Complaint, "In the offer submitted by LifeNet, LifeNet agreed 'to pay the City an amount in excess of [LifeNet's] 8% profit.'" ECF No. 1 ¶ 15. Plaintiff claims that by accepting this proposal, the City of Malvern necessarily accepted this illegal offer. *Id.* ¶ 27. Plaintiff argues this is true even though "the [actual] agreement [between LifeNet and the City of Malvern] did not contain an express term regarding the payment of an amount in excess of 8% of its annual profits by LifeNet to the City [of Malvern]." *Id.*

On June 10, 2014, Defendants filed the current Motion to Dismiss. ECF No. 11. With this Motion, Defendants claim this case should be dismissed because the Court has no subject-matter jurisdiction over this case. *Id.* Defendants specifically claim that none of the federal statutes

---

[1] This statute applies to Federal Health Care Fraud. Because Plaintiff refers to this statute as the "Anti-Kickback Statute" ("AKS"), the Court will refer to this statute in the same manner.

[2] Plaintiff also raises several state-law claims. ECF No. 1. Despite these state-law claims, the key question before the Court is whether this case arises under *federal* law. If no claims arise under federal law, the Court has no subject-matter jurisdiction. *See* 28 U.S.C. § 1367(a) (only allowing for "supplemental jurisdiction" over state-law claims when the federal court has original jurisdiction over federal claims). Thus, the Court will not address these state-law claims. This includes what Plaintiff has characterized as his "pendent State law claim" of a due process violation (presumably under the Arkansas Constitution). *See* ECF No. 21 ("As to the pendent State law claims, Defendant obviously concedes the Due Process violation claim. . . .").

Plaintiff referenced in its Complaint provide Plaintiff with a private cause of action. *Id.* Thereafter, on July 1, 2014, Plaintiff responded to this Motion. ECF Nos. 20-21. In its response, Plaintiff argues that the Court does have subject-matter jurisdiction over this case, and this case should not be dismissed. *Id.* Specifically, Plaintiff again restates that, at the very least, the AKS statute supplies it with a private cause of action. *Id.* This Motion is now ripe for consideration.

2.      **Applicable Law:**

Plaintiff alleges the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. According to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For a claim to "arise under," there must be a separate and independent basis for federal question jurisdiction. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 711 F.3d 878, 881 (8th Cir. 2013).

To determine whether a federal court has subject-matter jurisdiction over a case, the federal court may look "to matters outside the pleadings." *Osborn v. United States,* 918 F.2d 724, 728 n.4 (8th Cir. 1998) (recognizing "[t]he district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)"). Indeed, because "its very power to hear the case" is at issue, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. Further, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

Where a federal district court has no subject-matter jurisdiction over a case, the case must be dismissed. *See* FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). *See also Biscanin v. Merrill Lynch & Co.,* 407 F.3d 905, 907 (8th Cir. 2005) ("[i]f the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate"). Generally,

where a federal court has no subject-matter jurisdiction, the dismissal must be without prejudice. FED. R. CIV. P. 41(b).

**3.    Discussion:**

The primary issue raised in Defendants' Motion to Dismiss is whether the Court has subject-matter jurisdiction over this action.[3]  As noted above, Plaintiff claims the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1.  This provision requires that the case "arise under" federal law.  Plaintiff references three federal statutes in his Complaint: (A) the AKS, 42 U.S.C. § 1320a-7b; (B) the Federal False Claims Act, 31 U.S.C. § 3729; and (C) the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  *Id.*  The Court will examine all three of these federal statutes to determine whether Plaintiff's suit does indeed "arise under" federal law.

**A.    Anti-Kickback Statute**

Plaintiff claims the AKS, 42 U.S.C. § 1320a-7b, confers subject-matter jurisdiction. However, by its very terms, 42 U.S.C. § 1320a-7b does not provide for a private cause of action but merely provides for "*criminal* penalties for acts involving Federal health care programs."  (emphasis added).  *See generally Rzayeva v. United States,* 492 F. Supp. 2d 60, 78 (D. Conn. 2007) ("No private cause of action exists under the federal health care statute, 42 U.S.C. § 1320a-7b").

In its briefing, Plaintiff requests the Court to "imply" a private cause of action under this criminal statute.  ECF No. 21 at 8.  Plaintiff argues that in 2010, the AKS was amended to provide that a violation of the AKS also amounts to a violation of the Federal False Claims Act: "In addition to the penalties provided for in this section or section 1320a-7a of this title, a claim that includes

---

[3]Defendants also claim Plaintiff failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Because the Court finds subject-matter jurisdiction is lacking, there is no need to address that issue.  *See Hatcher v. Heckler,* 772 F.2d 427, 429 (8th Cir. 1985) (recognizing subject-matter jurisdiction is a "threshold" issue).

4

items or services resulting from a violation of this section constitutes a false or fraudulent claim for purposes of subchapter III of chapter 37 of Title 31." *Id.* Plaintiff claims this amendment provides support for its argument that a private cause of action can be implied. *Id.*

The Court disagrees and declines to "imply" a private cause of action under 42 U.S.C. § 1320a-7b. While Plaintiff is correct that a AKS violation may also be considered a false claim under the Federal False Claims Act, Plaintiff is misguided in arguing that this provides a basis for creating a private cause of action under 42 U.S.C. § 1320a-7b. Indeed, while this amendment may provide Plaintiff a basis for filing suit under the Federal False Claims Act for a violation of the 42 U.S.C. § 1320a-7b, it certainly provides no basis for allowing a direct cause of action under 42 U.S.C. § 1320a-7b.

Notably, as discussed in more detail below, there are a number of different procedures Plaintiff must follow to file suit under the Federal False Claims Act. If the Court were to allow Plaintiff to proceed directly under 42 U.S.C. § 1320a-7b, those requirements would be read out of the statute and become entirely superfluous. Certainly the Court is not free to ignore the requirements of the Federal False Claims Act. Thus, the Court declines to allow for a private cause of action under 42 U.S.C. § 1320a-7b.

**B.    Federal False Claims Act**

Plaintiff argues in its Complaint that the contract entered into between the City of Malvern and LifeNet will necessarily result in violations of the Federal False Claims Act. ECF No. 1 ¶ 46. Specifically, Plaintiff states: "The filing of federal healthcare program claims by LifeNet subsequent to the violation of the federal Anti-Kickback Statute will constitute automatic violations of the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*" *Id.* Likewise, Plaintiff argues in its briefing:

Under the contract, LifeNet will be providing ambulance services to Medicare

> beneficiaries and other beneficiaries of federal health care programs. To be compensated for those service it will bill those programs for reimbursement. When it does that it will be billing false claims in violation of the FCA since those claims will result from a contract predicated on a LifeNet proposal that violated the AKS.

ECF No. 21 at 5-6.

In their Motion to Dismiss, Defendants claim any purported violations under the Federal False Claims Act have not happened, are far too speculative, and are not ripe for consideration. ECF No. 12 at 1. Indeed, Defendants claim they are "wholly premature" because "no actions by Defendant Lifenet have been billed through any federal healthcare program." *Id.*

The Court agrees with Defendants' argument that Plaintiff's cause of action under the Federal False Claims Act is not ripe for consideration. Notably, a consideration in assessing whether a federal court has subject-matter jurisdiction over a given case is whether the case presented is an actual "case or controversy." Article III of the Constitution only authorizes federal court jurisdiction over actual "cases and controversies." *See generally Minn. Public Utilities Comm'n. v. Fed. Communications Comm'n,* 483 F.3d 570, 582 (8th Cir. 2007) ("We are limited by Article III of the Constitution to deciding actual cases or controversies ripe for review").

Plaintiff's cause of action under the Federal False Claims Act is entirely too speculative and, as such, does not amount to a "case or controversy." As noted above, Plaintiff only argues that something "will" happen. For example, Plaintiff claims the following: "The filing of federal healthcare program claims by LifeNet subsequent to the violation of the federal Anti-Kickback Statute *will constitute* automatic violations of the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*" ECF No. 1 ¶ 46 (emphasis added). The Court simply does not subject-matter jurisdiction over such speculative claims.

As a final point on this issue, it should be noted that even if this cause of action were ripe for

consideration, Plaintiff has conceded that the requirements of bringing a private cause of action or a *qui tam* action under the Federal False Claims Act, 31 U.S.C. § 3730(b), cannot be met.  Notably, this provision requires a "copy of the complaint and written disclosure of substantially all material evidence and information the person possesses" be "served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure." *Id.* § 3730(b)(2).  This provision also requires that the complaint be "filed in camera" and "remain under seal for at least 60 days." *Id.*

Plaintiff admits that it did not–and now cannot–follow these requirements: "ProMed cannot amend its Complaint to bring a *qui tam* action due to the requirement under the Federal False Claims Act, 31 U.S.C. § 3730(a), that a copy of the *qui tam* complaint be served on the Government and that it be filed in court in camera, under seal, and not served on a defendant until the court so orders." Thus, even if this claim were ripe, it could not proceed in this Court.

### C.    Declaratory Judgment Act

Plaintiff also requests relief under the Declaratory Judgment Act.  ECF No. 1 at 12. However, the Declaratory Judgment Act does not provide a basis for federal question jurisdiction. *See Dakota, Minn. & E. R.R. Corp.*, 711 F.3d at 881 ("The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction").

Plaintiff does not dispute this fact: "As to the Defendants' assertion that the Declaratory Judgment Act confers no subject matter jurisdiction on federal courts, we agree.  Its operation is procedural; it provides a remedy only in a case in which the federal court has jurisdiction from another source."  ECF No. 21 at 10.  Thus, the Declaratory Judgment Act provides no basis for federal question jurisdiction in this case.

4.    **Conclusion:**

Based upon the foregoing, because none of the three statutes included in Plaintiff's Complaint provide federal question jurisdiction under 28 U.S.C. § 1331 and because Plaintiff has alleged no other basis for federal question jurisdiction, Plaintiff has not met its burden of demonstrating the Court has subject-matter jurisdiction over this case.

Accordingly, the Court recommends Defendants' Motion to Dismiss (ECF No. 11) be **GRANTED** in its entirety, and  this case be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 41(b).

The Court also recommends that all supplemental state law claims be dismissed under 28 U.S.C. § 1367(c)(3) (allow a district court to decline to exercise supplemental jurisdiction over a state law claim when the district court dismisses all claims "over which it has original jurisdiction").

Because the Court recommends this case be dismissed, the Court also recommends Plaintiff's Motion for Preliminary Injunction (ECF No. 2) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 11th day of July 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE